UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RESILIRE NEUROREHABILITATION,
LLC,

        Plaintiff,                       Case No. 22-cv-12405
                                                 Honorable Linda V. Parker

v.

GEICO INDEMNITY COMPANY and
GEICO GENERAL INSURANCE COMPANY,

        Defendants.
_____/

## **<u>OPINION AND ORDER DENYING DEFENDANTS' MOTION TO STAY</u>**

This is an action to collect no-fault insurance benefits for services Plaintiff Resilire Neurorehabilitation, LLC (hereafter "Resilire") provided to five patients who suffered bodily injury in different motor vehicle accidents. Defendants Geico Indemnity Company and/or Geico Insurance Company (hereafter collectively "Geico") are allegedly responsible for paying personal protection insurance ("PIP") benefits on behalf of those patients pursuant to Michigan's no-fault act. In its Complaint, Resilire asserts that Geico has failed to pay or underpaid for allowable and reasonable expenses. (ECF No. 1-2.) Resilire seeks payment of the amounts due, plus interest, as well as a declaratory judgment that Geico cannot retroactively apply certain amendments to the no-fault act with respect to these charges but, even if Geico could, Resilire "is entitled to be reimbursed for all

reasonable charges incurred and/or at 55% of its January 1, 2019 charge description mater rates . . ..." (*Id*. at Pg ID 16-17, ¶ 15.)

The matter is presently before the Court on Geico's motion to stay pending the Michigan Supreme Court's review of *Andary v. USAA Casualty Insurance Company*, -- N.W.2d --, 2022 WL 3692767 (Mich. Ct. App. Aug. 25, 2022), *cert. granted* 979 N.W.2d 823 (Mich. 2022). (ECF No. 13.) Resilire opposes Geico's motion. (ECF No. 14.) A little background is needed to understand the issues presented.

As the Michigan Court explained in *Andary*:

> Since the inception of the no-fault act in 1973, Michigan law has required that personal protection insurance (PIP) policies provide for payment of "all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery or rehabilitation." MCL 500.3107(1)(a). Previously, the rates of reimbursement were limited only by what constituted "reasonable" and "customarily charge[d]" fees. MCL 500.3157, as enacted by 1972 PA 294. And there was no cap on the amount of attendant care that could be provided by family.
>
> Effective June 11, 2019, the Legislature enacted 2019 PA 21 and 2019 PA 22, both of which made significant amendments to the no-fault act. Relevant to this case, 2019 PA 21 amended MCL 500.3157 to include fee schedules limiting a medical provider's reimbursement amount.

2022 WL 3692767, at *1. Subsection 500.3157(7) among others, was at issue in *Andary*, as it is in the pending case. *Id*. Subsection (7) caps reimbursement for

2

services not covered by Medicare to "percentage(s) of the amount payable for the treatment or training under the person's charge description master in effect on January 1, 2019 or, if the person did not have a charge description on that date, [a specified percentage] of the amount the person charged for the treatment on January 1, 2019[.]" Mich. Comp. Laws § 500.3157(7)(a). The percentage amount varies based on whether subsections (2), (3), (5), or (6) of the statute apply to the provider and when the services were rendered. *Id*. § 500.3157(7)(a), (b).

In *Andary*, the Michigan Court of Appeals held that the amendments to the no-fault act did not apply retroactively to those injured before the effective date of the amendments. 2022 WL 3692767, at **1, 8. The Michigan Supreme Court granted leave to appeal on September 29, 2022, and directed that the case be placed on its March 2023 calendar. 979 N.W.2d 823 (Mich. 2022). However, the Court denied the motion to stay the precedential effect of the court of appeals' decision. *Id*.

GEICO moves for a stay here, arguing that the resources of the parties and the Court will be preserved if this matter does not proceed until *Andary* is fully resolved. GEICO asserts "that the resolution of *Andary* controls the analysis of the issues presently before th[is] Court." (ECF No. 13 at Pg ID 107.) The Court disagrees.

3

The issues presented in Resilire's Complaint will not be fully resolved regardless of the Michigan Supreme Court's decision in *Andary*. If the Michigan Court of Appeals' decision is affirmed, GEICO continues to owe Plaintiff unpaid PIP benefits and the amount owed will need to be decided. If the Michigan Supreme Court holds that the amendments to the no fault act do apply retroactively, in this litigation the rate at which Resilire should be reimbursed remains outstanding, as Resilire alleges that it was improper for GEICO to use another provider's charge description master to calculate Risilire's reimbursement rate. Moreover, a scheduling order has not yet been entered in this case. Therefore—particularly given how quickly GEICO anticipates the Michigan Supreme Court will resolve *Andary*—it is likely that a decision will be rendered before discovery is closed and any legal analysis begins.

For these reasons, the Court concludes that a stay is unwarranted.

Accordingly,

**IT IS ORDERED** that Defendants' motion to stay (ECF No. 13) is **DENIED**.

                                        s/ Linda V. Parker
                                        LINDA V. PARKER
                                        U.S. DISTRICT JUDGE

Dated: January 13, 2023